GUIDRY, Judge.
Defendant, Kenneth Wayne Speights, was charged by bill of information with the crime of molestation of a juvenile, a violation of La.R.S. 14:81.2. On April 13, 1988, a jury of twelve unanimously found the defendant guilty as charged. Thereafter, the defendant filed a motion for directed *347 verdict. The trial court denied this motion. The defendant was sentenced to eight years at hard labor.[1] The defendant appeals on the basis of one assignment of error.
FACTS
On the morning of December 19, 1987, the defendant and his fifteen-year-old stepdaughter, Edna “Gracie” Mazza, began driving from St. Martinville, Louisiana, to Rye, Texas. They were going to defendant’s sister-in-law’s home in order to buy his wife a sewing machine for Christmas. They were supposed to return to St. Mar-tinville that afternoon. When they reached the Texas state line, a storm was brewing. Upon reaching Jasper, Texas, the weather was so bad defendant decided to turn around and return home. When he stopped to get gasoline in Eunice, Louisiana, he decided they could go no further as the weather was very bad and the taillights on his truck were out. After they checked into a motel room, defendant went out to get Gracie something to eat and drink. While away, defendant called his landlord to tell his wife what had happened. When he returned to the motel room, he decided to take a shower.
At this point, the testimony differs as to what next happened. The jury obviously believed Gracie’s version which was as follows. The defendant walked into the bathroom and began to undress while leaving the door open. After he had taken a shower, he walked back into the room naked. Gracie went into the bathroom, closed the door, and began taking a bath. While she was bathing, the defendant walked in and took all her clothes, except her panties. Before she walked back out into the room, she put on her panties and wrapped a towel around her body. When she laid on the bed, the defendant told her to take off the wet towel so she would not get sick. Although the defendant did not threaten her, Gracie felt she had no choice. The defendant regularly disciplined her like a father with her mother’s consent. She took off the towel and got underneath the cover with the defendant. There was only one bed in the room. The defendant then removed her panties and performed oral sex upon her. Afterwards, the defendant apologized to her and asked her not to tell anyone. The defendant was 40 years old at the time of the incident.
SUFFICIENCY OF EVIDENCE
The defendant argues that the trial court erred in failing to direct a verdict of acquit tal for him in that the evidence, viewed in a light most favorable to the prosecution, was insufficient for a rational trier of fact to find him guilty of all the essential elements of the crime beyond a reasonable doubt.
The defendant argues that the evidence was insufficient for three- reasons: (1) there was no physical evidence to corroborate Gracie’s story; (2) Gracie told her mother several inconsistent stories about the alleged incident; and, (3) the testimony of the mother was not credible because she was coerced by the fact that the state agency responsible for family security threatened to take Gracie away if she allowed the defendant to return home.
The crime of molestation of a juvenile is defined by La.R.S. 14:81.2 as:
“... the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person ... by the use of influence by virtue of a position of control or supervision over the juvenile ...”.
*348 In reviewing the denial of a post-verdict motion for acquittal, an appellate court uses the same standard of review as in the due process claim of insufficiency of the evidence. La.C.Cr.P. art. 821(B); State v. Smith, 441 So.2d 739 (La.1983); State v. Handley, 453 So.2d 1242 (La.App. 1st Cir. 1984), writ denied, 457 So.2d 1199 (La. 1984). When reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983); State v. Cargille, 507 So.2d 1254 (La.App. 3rd Cir. 1987), writ denied, 512 So.2d 1175 (La. 1987).
Where there is conflicting testimony as to a factual matter, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981); State v. Barnes, 520 So.2d 838 (La.App. 3rd Cir. 1987). “The trier of fact may accept or reject in whole or in part the testimony of any witness.” State v. Nolan, 503 So.2d 1186 (La.App. 3rd Cir.1987), writ denied, 507 So.2d 226 (La.1987). The jury’s factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, supra; State v. Barnes, supra.
There was sufficient evidence to convict the defendant of molestation of a juvenile in this case despite defendant’s claim that he did not perform oral sex upon Gracie. The jury was clearly in the best position to judge the credibility of the witnesses.
This assignment lacks merit.
The defendant’s conviction is affirmed.
AFFIRMED.

. There is no minute entry in the record that the defendant waived sentencing delays after his motion for directed verdict was denied. However, the failure to observe the 24-hour sentencing delay after such denial will not require remand for resentencing, where there has been no objection raised nor some other showing of prejudice to the defendant. State v. White, 404 So.2d 1202 (La.1981); State v. Minor, 474 So.2d 546 (La.App. 3rd Cir.1985). The record is devoid of any objection to the failure to observe the 24-hour sentencing delay. Furthermore, the defendant has not argued any prejudice on appeal. Therefore, the error is harmless.