LINDSAY, Judge.
The defendant, Toney W. Crabtree, pled guilty as charged to one count of molestation of a juvenile, in violation of LSA-R.S. 14:81.2(C). He was sentenced to serve twelve years at hard labor and to pay a fine of $1,000 or, in default of payment thereof, to serve one year in jail. The defendant appealed his sentence as being excessive. For the reasons assigned below, we affirm.
FACTS
In May of 1989, the 14-year-old daughter of the defendant confided in her mother that the defendant had sexually abused her several years before while she was visiting him in Bastrop, Louisiana. The mother reported the conduct to the law enforcement authorities at the Ouachita Parish Sheriffs Office. In turn, that office contacted the sheriffs office in Morehouse Parish where Bastrop is located.
A juvenile investigator for the More-house Parish Sheriffs Office interviewed the victim, who recounted that the defendant had initiated sexual activity with her when she was only two years old. The defendant continued to molest the victim thereafter. The last such incident occurred in December of 1986 when the victim, then eleven years old, was visiting at the defendant’s home in Bastrop.[1] (However, the record indicates that the majority of the incidents of sexual abuse occurred in Monroe, Louisiana.) The investigator also interviewed the defendant, who admitted the allegations of sexual abuse.
On June 6, 1989, a bill of information was filed charging that in December, 1986, the defendant committed the offense of molestation of a juvenile, in violation of LSA-R.S. 14:81.2(C). On that same day, pursuant to a plea bargain, the defendant pled guilty as charged. By the terms of the plea agreement, the state agreed not to present any of the charges arising in More-house Parish to a grand jury.
On February 2, 1990, the trial court sentenced the defendant to serve a term of 12 years at hard labor. The trial court also ordered the defendant to pay a fine of $1,000, plus costs, or, in default of payment thereof, to serve one year in jail.
The defendant appealed. On appeal, the defendant contends that the trial court failed to adequately comply with LSA-C. Cr.P. Art. 894.1 and imposed an unconstitutionally excessive sentence.
LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983)
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of *648 rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration particularly where the offense involves violence. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
A trial court is not required to render a suspended sentence of probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.
DISCUSSION
The defendant contends that the trial court failed to adequately consider substantial mitigating factors (such as his religious conversion) and gave undue weight to a court-ordered psychological evaluation. We have carefully considered the reasons given by the trial court for the imposition of sentence and find full compliance with the provisions of LSA-C.Cr.P. Art. 894.1. We further find that the sentence imposed is not unconstitutionally excessive.
Before imposing sentence upon the defendant, the trial court acknowledged receipt of a pre-sentence investigation (PSI) report by the Department of Corrections, a written pre-sentence statement submitted by the defendant, and numerous letters written on the defendant’s behalf, including one by the victim’s mother. Additionally, the court had the benefit of an independent psychological evaluation of the defendant. The court had also requested evaluations of the victim and her mother, but the mother refused to cooperate. However, the court had been informed that the victim was receiving counseling through the Monroe YWCA.
The trial court quoted extensively from the psychological evaluation, which revealed the defendant as suffering from a character disorder. The evaluation indi *649 cated that the defendant had underlying depression, disturbance in sexual functioning, and strong manipulative features. He also displayed anti-social features. Furthermore, he tended to deny his problems and present himself in the most favorable light. The evaluation stated that an individual with these traits was likely to revert to his prior patterns of behavior. It suggested counseling and close supervision and restriction as the most effective methods of modifying the defendant’s behavior.
The trial court acknowledged that incarceration would cause hardship to the defendant’s family. The 38-year-old defendant has four other children in addition to the victim. The PSI report stated that at the time of sentencing the defendant had physical custody of the two youngest sons, while the victim, her older brother, and her younger sister lived with their mother. However, the trial court noted that the defendant was paying a relatively low amount of child support.
The trial court placed substantial emphasis on the serious nature of the offense, which may have devastating life-long repercussions for the young victim. The trial court found that the child was not responsible for the defendant’s criminal behavior, which went on for an extended period of time. The trial court further found that the defendant’s conduct threatened and, in fact, caused serious harm, and that the defendant must have contemplated these results.
Based upon the evidence in the record, the trial court found that the defendant was likely to commit another crime if placed on probation. The trial court found that the defendant was in need of correctional treatment which could only be provided in a custodial environment. Also, the court found that a lesser sentence would deprecate the seriousness of the crime.
We find that the trial court adequately considered all of the relevant factors and accorded them the proper weight. The trial court considered the defendant’s recent religious conversion, as well as his past consumption of drugs and interest in pornography. It also gave due weight to the hardship which incarceration would visit upon the defendant’s entire family.
The defendant contends that he has completely rehabilitated himself, and thus requires no further rehabilitation by the state. However, the court-ordered psychological evaluation by an independent psychologist casts serious doubts upon this proposition.
We find that the defendant benefited substantially from the plea bargain. The defendant was charged by bill of information with molestation of a juvenile over whom the offender had control or supervision. The sentencing exposure for this crime is a fine of up to $10,000, and a term of imprisonment, with or without hard labor, for not less than one nor more than fifteen years. The state agreed not to present any of the Morehouse Parish offenses to a grand jury. The obvious importance of this agreement is that the defendant wished to eliminate the possibility of indictment for a more serious charge.[2]
The defendant repeatedly engaged in extremely serious criminal conduct over a period of about nine years. His victim was his own biological child who had been entrusted to his care and protection. The blameless victim endured this abuse from the age of two to eleven years. She was not able to unburden herself and confide in her mother until she was fourteen years old. The PSI report indicates that she has been greatly traumatized by the defendant’s conduct. Additionally, she is now further burdened with remorse for finally disclosing the truth because her revelations resulted in this criminal prosecution.
*650 Although the defendant may have made strides in rehabilitating himself, his serious conduet demands punishment. He received a tremendous benefit in the plea bargain. One count of molestation of a juvenile does not adequately describe his conduct in repeatedly engaging in sexual activity with his young daughter over several years. Therefore, we find that the trial court did not impose an unconstitutionally excessive sentence.
CONCLUSION
Based on the foregoing, we affirm the defendant’s sentence.
AFFIRMED.

. The victim's parents had separated in 1984, but were not divorced until 1987.

. The record is not explicit as to the exact nature of the defendant’s sexual abuse of the victim. However, the state specified in its brief that the defendant engaged in sexual intercourse with the child, and the information in the record is consistent with such a statement. Sexual intercourse with a child under the age of 12 constitutes aggravated rape, which carries a mandatory penalty of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:42. A grand jury indictment is required for instituting prosecution for an offense punishable by life imprisonment, LSA-C.Cr.P. Art. 382.