665 So.2d 24 (1995)
John DOE & Jane Doe, Individually and on Behalf of the Minor Children, A. Doe and B. Doe
v.
Jack DOE.
No. 95 CA 0478.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*25 Frank Tomeny, III, Baton Rouge, for Plaintiffs-Appellants.
W. Marvin Hall, Metairie, for Defendant-Appellee, State Farm Fire & Casualty Co.
Donald E. McKay, Jr., New Orleans, for Defendant-Appellee, Judson Baptist Ass'n, Inc.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
This is a personal injury suit brought by John Doe and Jane Doe, individually and on behalf of their minor children, A. Doe and B. Doe (plaintiffs), against Jack Doe (Doe) for emotional and psychological injury resulting from acts of child molestation. Plaintiffs also sued Doe's homeowners liability insurer, State Farm Fire & Casualty Company (defendant). Defendant brought this motion for summary judgment contending that there are no genuine issues of material fact and that as a matter of law its policy excludes coverage. The policy contains the following exclusions:
1. Coverage L and Coverage M do not apply to:
a. bodily injury or property damage:
(1) which is either expected or intended by an insured; or
(2) to any person or property which is the result of willful and malicious acts of an insured;
The trial court granted defendant's motion for summary judgment, and plaintiffs appealed. Plaintiffs contend that the exclusionary language in both clauses is based on the subjective intent of the insured and that no inquiry has been made to indicate Doe's subjective intent. Plaintiffs further contend whether Doe's acts were willful and malicious also depends on his subjective intent. Plaintiffs rely on the case of Breland v. Schilling, 550 So.2d 609, 614 (La.1989), for the proposition that determining Doe's subjective intent is within the province of the trier of fact and is inappropriate for summary judgment.
Summary judgment is rarely appropriate when it is necessary to determine a factual issue such as subjective intent. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). However, this court has previously held child molestation is a rare instance in which a factual determination of negligence or intentional conduct is inappropriate as a practical matter. We have previously stated "[t]hese types of acts cannot result from careless conduct and only occur as a result of a deliberate act by the perpetrator." Doe v. Smith, 573 So.2d 238, 243 (La.App. 1st Cir. 1990), writ denied, 573 So.2d 1139 (La.1991). Molestation of a child is a deliberate act and, therefore, is an intentional act. Furthermore, the injuries allegedsevere emotional and psychological injuriesare virtually certain to follow from such behavior. Because defendant's policy excludes coverage for bodily injury intended or expected by the insured and for willful and malicious acts, there is no coverage under the policy. Wallace v. Cappel, 592 So.2d 418 (La.App. 1st Cir.1991), writ denied, 593 So.2d 651 (La.1992).
Plaintiffs' contention that Breland precludes summary judgment is misplaced. The supreme court subsequently decided Great American Insurance Company v. Gaspard, 608 So.2d 981 (La.1992). The policy exclusion in that case also invoked the subjective intent of the insured. The court determined the insured's subjective intent based on the facts and circumstances surrounding his act of arson.
The uncontested facts in the record demonstrate that between January 1991 and October 1992, plaintiffs' two minor daughters, ages approximately ten and eleven, were subjected to acts of sexual molestation by Doe, their step-grandfather. Doe was arrested by the East Baton Rouge Parish Sheriff's Office on December 10, 1992, and charged with two counts of molestation of a juvenile. On August 17, 1993, Doe pled guilty to having molested the children.
The Louisiana Code of Criminal Procedure defines molestation of a juvenile in Louisiana Revised Statute 14:81.2(A), in pertinent part, as follows:
Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child *26 under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
The affidavit of the detective who interviewed the children states in detail the facts concerning the acts of molestation supporting the guilty plea. Doe did not contest these facts as stated in the record. Other than the contention that Doe has not been questioned concerning his subjective intent, none of the facts in the record were disputed. Nothing in the record indicates Doe suffered from any mental defect or did not comprehend the nature and consequences of his acts. Furthermore, Doe was a Baptist pastor at the time the incidents occurred and was undergoing counseling for unwanted advances toward his daughter-in-law.
The uncontested facts concerning the acts and the claimed injuries in this case are such that there can be no factual dispute material to a determination that both of the policy exclusions applied. Menard v. Zeno, 558 So.2d 744, 748 (La.App. 3d Cir.), writ denied, 561 So.2d 121 (La.1990). No reasonable person would expect insurance coverage for injuries caused by such intentional and malicious acts. The judgment of the trial court granting defendant State Farm Fire & Casualty Company's motion for summary judgment and dismissing the claims against it is affirmed. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.