880 So.2d 214 (2004)
STATE of Louisiana, Appellee
v.
Jeffrey Howard ELLIS, Appellant.
No. 38,740-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
*216 Lavelle Bernard Salomon, for Appellant.
Jerry L. Jones, District Attorney, Neal Glen Johnson, Hamilton Stephens Winters, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART, and DREW, JJ.
*217 BROWN, C.J.
Defendant, Jeffery Howard Ellis, was convicted of two counts of molestation of a juvenile and two counts of indecent behavior with a juvenile. He was sentenced to hard labor terms without benefit of parole or probation and without diminution of sentence for good behavior. The combination of concurrent and consecutive sentences resulted in a total of 12 years to be served. He has appealed his convictions and sentences. Finding no error, we affirm.

Brief Factual Synopsis
The original bill of information charged defendant with three counts of sexual battery. After two amendments, the final bill of information charged defendant with two counts of molestation of a juvenile (his seven-year-old daughter), and three counts of indecent behavior with a juvenile (count threehis daughter; count foura friend of his children, "Z.P."; and count fivehis daughter and twelve-year-old son).
The state filed a Notice of Intent to Use Evidence of Other Crimes/Acts, notifying defendant that it planned to offer at defendant's trial evidence of prior sexual misconduct with juveniles in accordance with State v. Prieur, 277 So.2d 126 (La.1973). A Prieur hearing was held and the trial court ruled that the state could introduce testimony relating to previous incidents involving his stepdaughter and her friend, who were six or seven at the time of the alleged sexual misconduct.
In December 2002, defendant's court-appointed attorney withdrew after being elected to the district court bench. Thereafter, defendant elected to proceed to trial in proper person. Count four, charging defendant with indecent behavior with a juvenile, "Z.P.", was dismissed when the child victim failed to appear for trial. On July 9, 2003, a jury convicted defendant of the four remaining counts. Defendant was sentenced to eight-year concurrent hard labor terms on counts one and two; four years on count three to be served concurrently with three years on count five; and the sentences on the molestation counts (one and two) and indecent behavior counts (three and five) were then ordered to run consecutively, resulting in a total of 12 years to be served. The judge then ordered that the sentences were to be without benefit of probation, parole, or suspension. Finding that defendant was a sex offender as defined by La. R.S. 15:537, the judge ordered that defendant would not be entitled to diminution of sentence for good behavior.
Defendant has appealed his convictions and sentences.

Discussion

Bill of Information
According to defendant, the second and final amended bill of information is fatally defective as to the two counts of indecent behavior with juveniles. In support, defendant cites State v. Free, 26,267 (La.App.2d Cir.09/21/94), 643 So.2d 767, writ denied, 94-2846 (La.03/10/95), 650 So.2d 1175.
In State v. Free, supra at 774-75, this court reviewed the applicable jurisprudence as follows:
The charged offense [indecent behavior with a juvenile] may be committed in two distinct ways: (1) by the commission of a lewd or lascivious act upon the person; or (2) by the commission of a lewd or lascivious act in the presence of any child under the age of seventeen, with the requisite intent. La. R.S. 14:81. An indictment for indecent behavior with juveniles must inform the accused in which way he is charged with having committed the offense, whether upon the person or in the presence of *218 the person. Otherwise, the defendant would go into court without any knowledge, insofar as the disclosures in the indictment are concerned, of the kind or nature of acts intended be relied on as constituting the offense charged. (Citations omitted).
In the case sub judice, the state concedes that the final amended bill of information tracks the alternative language of La. R.S. 14:81, that is, it charges that defendant committed a prohibited act "upon the person or in the presence of (the victim)" and thus, is defective. See State v. Free, supra. However, as was the case in Free, by virtue of discovery, the previous versions of the bill of information, and the state's answer to defendant's application for a bill of particulars, defendant was aware of all of the evidence the state intended to use to establish its case against him. Likewise, he was aware of the nature and cause of the accusations against him so that he could prepare his defense. As noted by this court in State v. Free, supra at 775, the constitutional mandate that a defendant be informed of the nature and cause against him does not require that he may only be so informed by indictment [or information]. Under the facts and circumstances of this case, defendant had full knowledge of the nature and cause of the charges against him, as well as of the nature and extent of the evidence the state had with which to prove its allegations.
Furthermore, defendant has not claimed any surprise, nor has he shown any prejudice due to this alleged defect. State v. Comeaux, 408 So.2d 1099 (La.1981). A defendant may not complain of technical insufficiency in an indictment or bill of information for the first time after conviction, when the defendant is fairly informed of the charge against him and there is no prejudice caused by the defect. Id.; State v. Shelton, 545 So.2d 1285 (La. App. 2d Cir.1989); State v. Johnson, 02-254 (La.App. 5th Cir.06/26/02), 822 So.2d 840. This assignment of error is without merit.

Sufficiency of the Evidence
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime established beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
The Louisiana Supreme Court has held that the testimony of the victim alone in a sexual assault case is sufficient to convince a reasonable fact finder beyond a reasonable doubt of a defendant's guilt. State v. Rives, 407 So.2d 1195 (La.1981); State v. Smith, 35,699 (La.App.2d Cir. 04/05/02), 815 So.2d 412, writ denied, 02-1502 (La.04/04/03), 840 So.2d 1200; State v. Elzie, 37,920 (La.App.2d Cir.01/28/04), 865 So.2d 248; State v. Free, supra. Furthermore, such testimony alone is sufficient even where the state does not introduce medical, scientific or *219 physical evidence to prove the commission of the offense by the defendant. State v. Elzie, supra.

Counts One and Two: Molestation of a Juvenile
Molestation of a juvenile is defined in La. R.S. 14:81.2(A). Under this statute, the state must prove beyond a reasonable doubt that: (1) defendant was over the age of seventeen; (2) the accused committed a lewd or lascivious act upon the person or in the presence of a child under the age of seventeen; (3) the accused was more than two years older than the victim; (4) the accused had the specific intent to arouse or gratify either the child's sexual desires or his own sexual desires; and (5) the accused committed the lewd or lascivious act by use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. State v. Leblanc, 506 So.2d 1197 (La.1987); State v. Elzie, supra.
Both molestation convictions arise out of incidents in which defendant engaged in inappropriate sexual behavior with his seven-year old daughter.[1] Apparently conceding that the evidence was sufficient to prove that he committed a lewd or lascivious act with the necessary intent, defendant asserts that the evidence was insufficient to establish that he committed the lewd or lascivious act by virtue of his position of control or supervision over the child. According to defendant, because he lived with his mother, it was she who had control and supervision over his children during their visitation with him.
This assertion is patently wrong. The evidence is clear that the child was visiting with defendant who exercised control and supervision. See State v. Elzie, supra; State v. Crabtree, 569 So.2d 646 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991); State v. Blue, 591 So.2d 1173 (La.App. 1st Cir.1991), rev'd on other grounds, 591 So.2d 1172 (La.1992). The jurisprudence is rife with cases involving molestation accomplished by virtue of control and/or supervision by noncustodial parents, babysitters, relatives, friends, and neighbors of young victims.[2]
This assignment lacks merit.

*220 Counts Three and Five: Indecent Behavior with a Juvenile

La. R.S. 14:81(A) provides that in order to convict a defendant of indecent behavior with a juvenile, the state must prove that the defendant: (1) committed any lewd or lascivious act; (2) upon the person or in the presence of; (3) any child under the age of 17; (4) was over the age of 17 and more than 2 years older than the victim; and (5) had the intention of arousing or gratifying the sexual desires of either person.[3] La. R.S. 14:81; State v. Jones, 34,863 (La.App.2d Cir.08/22/01), 794 So.2d 107, writ denied, 01-2648 (La.08/30/02), 823 So.2d 938; State v. Free, supra.
Specific intent to commit the offense of indecent behavior with a juvenile need not be proven as a fact, but may be inferred from the circumstances and actions of the defendant. State v. Blanchard, 00-1147 (La.04/20/01), 786 So.2d 701; State v. Jones, supra; State v. Battaglia, 03-692 (La.App. 5th Cir.11/25/03), 861 So.2d 704.
Defendant asserts that showing to and/or watching with his children, aged six and twelve, the director's version of the R-rated movie "Showgirls"[4] does not constitute a lewd or lascivious act, citing State v. Gaspard, 02-1040 (La.App. 3d Cir.03/05/03), 841 So.2d 1021.
In State v. Gaspard, supra, the Third Circuit held that showing sexually explicit movies and printed materials without any evidence of inappropriate touching or nudity to an 11-year-old was insufficient to support a conviction of attempted indecent behavior with a juvenile. In Gaspard, the court observed that there was no evidence that defendant had tried to touch his son or himself, no evidence of nudity or physical exposure by either father or son, and no evidence of any suggestion or statement by defendant that he and/or his son engaged in sexual acts.
The supreme court has recently reaffirmed the jurisprudential definition of "lewd and lascivious" in State v. Interiano, 03-1760 (La.02/13/04), 868 So.2d 9. In State v. Interiano, supra at 15, the court cited State v. Holstead, 354 So.2d 493, 497-98 (La.1977), in which the supreme court reaffirmed that La. R.S. 14:81(A) provides fair notice that the defendant "is charged with having an act ... which is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner." The Interiano court further observed that the statute encompasses not just the physical touching of the victim in an indecent manner, but "indecent sexual displays in the presence of children under the age of seventeen.... [T]he statute clearly provides sufficient notice that a person knowingly engaged in any overt sexual activity performed in the physical proximity of a child enters a zone of danger in which he runs the risk that a trier of fact may later find that activity criminal in nature. State v. Interiano, supra at 15.
The evidence in the instant case as to count three, which charged defendant with illicit sexual behavior upon or in the presence of his six-year-old daughter, consisted of the daughter's testimony that she and her father watched the movie together on *221 the couch and that during the movie, he took her hand and rubbed it up and down on his private part.[5] She stated that the movie she watched with her father was "Showgirls", which was rated "R," and contained a lot of scenes which depicted women kissing each other on their teetees. She also testified at trial that she watched another movie with defendant, either "Erotic Heat" or "The Erotic Witch Project", which included a scene involving a nude woman standing by a tree. Sgt. Renee Smith with the Ouachita Parish Sheriff's Office watched "Showgirls," as well as several pornographic movies recovered from defendant's home, and testified that the tree scenes described by the daughter did not appear in "Showgirls," but in "The Erotic Witch Project," one of the many pornographic movies recovered during the search of defendant's residence. Unquestionably, these were sexually explicit movies coupled with inappropriate touching and nudity.
As to count five, which alleged that defendant engaged in inappropriate sexual behavior with both his daughter and his twelve-year-old son, defendant contends that because there was no evidence of touching or nudity while he and the children watched "Showgirls", nor was there evidence that he intended to gratify either one's sexual desires, he is not guilty of this count of indecent behavior with a juvenile.
As noted above, intent does not have to be proven as a fact, but may be inferred from the circumstances and actions of the defendant. State v. Blanchard, supra; State v. Jones, supra. In the instant case, according to the son, he watched the movie "Showgirls" with defendant and his younger sister more than once, all in the same bed in defendant's bedroom, before defendant and his sister went to sleep. He testified that there were nude and lesbian scenes in the movie and that he was aroused and felt differently after watching the movies. This is separate and distinct from the episode that his sister testified about, which involved defendant and her watching a movie in the den during which he put her hand on his "private" and moved it "up and down."
The jury also heard the testimony of Sgt. Smith that defendant denied possessing any pornography. However, the search of defendant's residence revealed this statement to be false. Sgt. Smith testified that the officers found numerous pornographic tapes and literature in defendant's bedroom, in the exact locations described to Sgt. Smith by defendant's daughter.[6]
Defendant's behavior showed a pattern of exposing children to erotic or semi-pornographic movies as a conduit for more specific sexual contact. A jury could reasonably find under these circumstances that this wanton conduct was lewd and lascivious.
This assignment of error has no merit.

Credit for Time Served
Defendant correctly points out that the trial court failed to give him credit for time spent in custody prior to imposition of sentence. However, the 1997 amendment to La. C. Cr. P. art. 880 is designed to make credit for prior custody self-operating even on a silent record. Thus, there is no need for the sentencing court to reference credit for time served. State v. Ignot, 29,745 (La.App.2d Cir.08/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.06/18/99), 745 So.2d 618.
*222 This assignment of error is without merit.

Excessive Sentence
Defendant asserts that the trial court erred in that it did not adequately consider mitigating circumstances; failed to articulate a factual basis for the sentence imposed; and failed to adequately consider a significantly less harsh sentence. Defendant also argues that his sentence is unconstitutionally excessive.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
In this case, the record contains a complete and accurate articulation of the factual basis for defendant's sentence, setting forth the criteria the court considered in sentencing defendant in compliance with La. C. Cr. P. art. 894.1.
Defendant's combined sentence of 12 years at hard labor is certainly within constitutional limits. Defendant's pattern of lascivious behavior with children who have been entrusted to his care more than justified this sentence, which was less than the maximum sentences allowed for the offenses of conviction. The sentence is not grossly disproportionate, nor is it a purposeless and needless infliction of pain and suffering. In light of the harm done to society, the sentence imposed does not shock our sense of justice. These assignments of error lack merit.
Defendant next contends that the trial court erred in denying the benefit of parole.
La. R.S. 14:81(C) and 14:81.2(C) do not provide for the denial of parole, probation, or suspension of sentence. However, defendant is a sexual offender as defined in La. R.S. 15:536, and his victims were both children. Therefore, the provisions of La. R.S. 15:537, which provides for the denial of good time, and La. R.S. 15:538, which provides for ineligibility for probation, parole, or suspension of sentence unless certain conditions are imposed, are self-executing and are to be implemented by the Louisiana Department of Public Safety and Corrections. State v. Palmer, 37,355 (La.App.2d Cir.07/08/03), 850 So.2d 1058; State v. Fuller, 37,127 (La.App.2d Cir.06/25/03), 850 So.2d 909; State v. Moseley, 36,550 (La.App.2d Cir.10/23/02), 830 So.2d 354 (Brown, J., concurring).

Admission of Other Crimes Evidence
Although defendant assigned as error the trial court's ruling on the admissibility of evidence of other crimes, he failed to address this issue in his brief. Assignments of error which are neither briefed nor argued are considered abandoned. U.R.C.A. Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990). A mere statement of an assignment of error in a brief does not constitute briefing of the assignment, and, therefore, the assignment is deemed abandoned. State v. Toney, 26,711 (La.App.2d Cir.03/01/95), 651 So.2d 387.
Under State v. Prieur, supra, the state must provide written notice to the defendant of the acts it intends to prove, along with the exclusionary rule upon which it relies. Prieur further requires that the state show by clear and convincing evidence that the element the evidence tends to prove is truly at issue, that the defendant committed the other crimes, and that the probative value of the evidence to be admitted outweighs the dangers of unfair prejudice and will not confuse the issues, mislead the jury, or cause undue delay or waste of time. La. C.E. art. 403. At this hearing, the state *223 must also show that the evidence is neither repetitive nor cumulative, and is not being introduced merely to show that the defendant is of bad character. State v. Kennedy, 00-1554 (La.04/03/01), 803 So.2d 916, appeal after remand, 02-214 (La.App. 5th Cir.06/26/02), 823 So.2d 411, writ denied, 02-2088 (La.01/24/03), 836 So.2d 43, superseded by statute as stated in State v. Zornes, 34,070 (La.App.2d Cir.04/03/02), 814 So.2d 113; State v. Hills, 99-1750 (La.05/16/00), 761 So.2d 516; State v. Taylor, 37,356 (La.App.2d Cir.09/26/03), 855 So.2d 958, writ denied, 03-3141 (La.03/19/04), 869 So.2d 848.
The evidence of other crimes involving defendant's stepdaughter and her friend, who were six or seven years old at the time, established identity, proved intent, guilty knowledge, motive, system, scheme, opportunity, and/or acts tending to show the defendant's "lustful disposition" in accordance with La. C.E. arts. 404(B) and 412.2.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] The victim related to Sgt. Renee Smith and at trial that, when she was seven years old, defendant bought some finger paints, and, while at the home defendant shared with his mother, defendant painted her "private" and stomach and she painted his "private." She further stated that, after the finger painting, defendant took a shower with her and "licked her booty" while sitting behind her in the shower. During the investigation, defendant admitted to taking showers with his daughter, and stated that he saw nothing wrong with doing so.
[2] State v. Rankin, 563 So.2d 420 (La.App. 1st Cir.1990) (stepfather while babysitting stepdaughter and her friend); State v. Speights, 546 So.2d 346 (La.App. 3d Cir.1989) (stepfather while staying at a motel); State v. Welch, 99-1283 (La.04/11/00), 760 So.2d 317 (mother's live-in boyfriend); State v. Kennon, 34,455 (La.App.2d Cir.02/28/01), 781 So.2d 734 (mother's live-in boyfriend); State v. Hillman, 613 So.2d 1053 (La.App. 3d Cir.1993), writ denied, 617 So.2d 1181 (La.1993) (mother's boyfriend); State v. Dillion, 99-2175 (La.App. 4th Cir.09/06/00), 770 So.2d 13, writ denied, 00-2815 (La.09/14/01), 797 So.2d 50 (mother's ex-husband while babysitting); State v. Miller, 98-0301 (La.09/09/98), 718 So.2d 960 (uncle while babysitting); State v. Cook, 32,110 (La.App.2d Cir.06/16/99), 742 So.2d 912 (uncle while visiting at child's home); State v. Free, supra (uncle while girls were at his home and place of employment); State v. Racca, 525 So.2d 1229 (La.App. 1st Cir.1988) (uncle while kids were visiting their father [his brother] for summer); State v. Colligan, 95-880 (La.App. 3d Cir.08/07/96), 679 So.2d 184 (grandfather while victim spent the night at his home); Doe v. Doe, 95-0478 (La.App. 1st Cir.11/09/95), 665 So.2d 24 (step grandfather, a Baptist minister, while child visited his home).
[3] This crime is identical to molestation of a juvenile, La. R.S. 14:81.2, except that Section 81.2 requires the lewd or lascivious act be committed by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of control or supervision over the juvenile.
[4] Sgt. Renee Smith noted that this version contained more profanity and nudity than the version she saw on television.
[5] Defendant represented himself at trial, which made it extremely difficult for the victims during his cross-examination.
[6] Illustrative of the movies found by the officers are the following: "Erotic Heat"; "The Erotic Witch Project"; "Hollywood Sins"; "Nasty Nurses XXX Adam and Eve Presents"; and "Mistress of Seduction".