2016-2004 (La. 1/13/17)

**IN RE: David SEGAL**

**NO. 2016–B–2004**

Supreme Court of Louisiana.

01/13/2017

**ATTORNEY DISCIPLINARY PROCEEDING**

**PER CURIAM**

Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, David Segal, an attorney licensed to practice law in Louisiana and New York, based upon discipline imposed by the Supreme Court of New York.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

While practicing law in New York, respondent neglected four legal matters,

failed to communicate with two clients, and failed to timely answer disciplinary complaints filed by three clients. Additionally, he engaged in conduct adversely reflecting on his fitness as a lawyer, failed to appear at two case conferences, failed to comply with court orders, and failed to timely file retainer statements.

On December 9, 2014, the Supreme Court of New York suspended respondent from the practice of law for one year, effective January 8, 2015, for violating DR 1–102(A)(7) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness as a lawyer) of New York's Lawyer's Code of Professional Responsibility and the following provisions of New York's Rules of Professional Conduct: Rules 1.3(b) (a lawyer shall not neglect a legal matter entrusted to the lawyer), 1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter), and 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

After receiving notice of the New York order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of New York was attached to the motion. On November 21, 2016, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent filed a response in this court, consenting to the imposition of reciprocal discipline.

### DISCUSSION

■ The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:

Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or

(4) The misconduct established warrants substantially different discipline in this state; ...

If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.

■ In the instant case, respondent has made no showing of infirmities in the New York proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in New York as only under **extraordinary circumstances** should there be a significant variance from the sanction imposed by the other jurisdiction. *In re: Aulston*, 05–1546 (La. 1/13/06), 918 So.2d 461. *See also In re Zdravkovich*, 831 A.2d 964, 968–69 (D.C. 2003) ("there is

merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").

Under these circumstances, it is appropriate to defer to the New York judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in New York and order that he be suspended from the practice of law for one year.[1]

## DECREE

Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel, respondent's response thereto, and the record filed herein, it is ordered that respondent, David Segal, Louisiana Bar Roll number 11914, be and he hereby is suspended from the practice of law in Louisiana for a period of one year.

2016-1766 (La. 1/13/17)

1. Respondent also requests that reciprocal discipline be imposed retroactive to January

8, 2015. However, we decline to do so.