THERIOT, J.
[¾In this child custody case, which comes before us on remand by order of the Louisiana Supreme Court, the appellant, Sarah Ann Donahue, challenges the re-allotment of her case and the judgment of the trial court granting sole custody of a minor *251 child to the child’s father, the appellee, Brandon M. Donahue. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Mr. Donahue and Ms. Donahue were married in June of 2012. The couple had one child together during the course of their marriage, a son, born on January 13, 2013. On July 24, 2013, Mr. Donahue filed a petition for divorce against Ms. Donahue pursuant to La. C.C. art. 102. In his petition for divorce, Mr. Donahue requested that he be granted provisional custody of the couple’s minor child and that he and Ms. Donahue ultimately be granted joint custody of their minor child with him being designated as the domiciliary parent. Mr. Donahue alleged that on July 7, 2013, Ms. Donahue became violent and destructive in his presence while she was holding the couple’s minor child. Mr. Donahue also alleged that Ms. Donahue has a history of irrational and aggressive behavior.
The record consists of several consent judgments pertaining to issues of child custody, child support, and spousal support. Throughout the course of the proceedings, Ms. Donahue’s mental health has remained one of the primary issues in contention. Relevant hereto, Mr. Donahue and Ms. Donahue both filed motions seeking sole custody of their minor child. The opposing motions came before Division “L,” presided over by Judge Dawn Amacker, for a prolonged hearing on September 28, October 21, October 28, and November 2, 2015. Following extensive testimony on the matter, Judge Amacker issued an oral ruling finding that there had been a material change |sin circumstances regarding Ms. Donahue’s mental health and her ability to care for the couple’s minor child. Judge Amaeker ruled that Mr. Donahue should be granted sole custody of the couple’s minor child, and she ordered that Ms. Donahue be granted supervised visitation. Judge Amacker directed counsel for Mr. Donahue to submit a formal judgment in accordance with her oral ruling.
Thereafter, on November 17, 2015, a judgment was prepared for signing and filed into the record. However, before Judge Amacker signed this judgment, Ms. Donahue’s counsel withdrew from representation, and Richard Ducote enrolled as new counsel of record for Ms. Donahue. On November 23, 2015, Judge Amacker voluntarily recused herself from the case, explaining, in pertinent part:
Richard Ducote has chosen to engage in public conduct that personally and professionally attacks Judge Amacker. The Court does not agree that Mr. Du-cote’s conduct has caused Judge Amacker by design or effect to be biased or prejudiced against him to such an extent that his clients may not receive fair and impartial treatment. Furthermore, the Court does not agree that recusal is required based on [Mr.] Donahue’s alleged status as a deputy or upon [Ms.] Donahue’s intentions to sue the Sheriffs Office.
The Court does find that voluntary recusal is appropriate, to avoid even an appearance of impropriety, in any case in which Richard Ducote is enrolled as counsel of record for one of the parties and therefore voluntarily recuses in the above captioned matter.
Consequently, Judge Amacker did not sign the judgment prepared in accordance with her oral ruling, but instead ordered the case to be re-allotted to Division “K,” presided over by Judge Mary Devereux, which, like Division “L,” has jurisdiction limited to family and juvenile matters pur *252 suant to La. R.S. 131621.22(B).[1]
|40n December 1, 2015, Ms. Donahue objected to the re-allotment, arguing that the case should have been randomly allotted amongst all the divisions of the trial court with general jurisdiction. Judge Dev-ereux denied Ms. Donahue’s objection on December 7, 2015. On December 23, 2015, Ms. Donahue filed a motion for new trial, which.was denied by Judge Devereux. Finally, on February 12, 2016, Judge Dever-eux signed. the judgment .that had been filed in accordance with Judge Amacker’s oral ruling on November 17, 2015. In written reasons for judgment, Judge Devereux stated that she had reviewed the 800-page transcript of the entire hearing, including the exhibits and the pleadings, and found' that no additional evidence was needed to render judgment. She analogized Judge Amacker’s factual findings to a hearing officer’s recommendations, and stated it would be “illogical and disrespectful” not to accept same. Ms. Donahue appealed Judge Devereux’s ruling to this court.
In our original opinion in this matter, we vacated Judge Devereux’s ruling and remanded the case to the trial court for further proceedings. See Donahue v. Donahue, 16-0757 (La.App. 1 Cir. 9/16/16), 2016 WL 4942403 (unpublished) (“Donahue I”). In Donahue I, we specifically held that Judge Devereux was not a “successor judge” to Judge Amacker as delineated by La. R.S. 13:4209.[2] We explained that Judge *253 Amacker had recused herself from the case and had not left office under any of the enumerated conditions mentioned in La. R.S. 13:4209(B). See Donahue I, 2016 WL 4942403, *3 (citing Starkey v. Starkey, 13-0166 (La.App. 1 Cir. 8/6/13), 122 So.3d 579, 583).
The Louisiana Supreme Court then granted Mr. Donahue’s writ application and reversed our decision, explaining:
The plain language of La. R.S. 13:4209(B)(2) provides, “[i]f a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.” [emphasis added]. In the instant case, Judge Amacker, through her oral reasons, clearly manifested an affirmative intent to sign a judgment in favor of relator. Therefore, Judge Devereux, in her capacity as successor judge, is empowered to sign the judgment. Any other result would be contrary to the statutory' intent as well as the interests of judicial economy.
Accordingly, the writ is granted. The judgment of the court of appeal is vacated and set aside. The district court’s February 12, 2016 judgment is reinstated, and the case is remanded to the court of appeal for consideration of the appeal on the merits.
Donahue v. Donahue, 16-1863 (La. 11/18/16), 206 So.3d 868, 858-59 (per curiam).
lain accordance with—and pursuant to— the order of the Louisiana Supreme Court vacating our holding in Donahue I and remanding the case to this court for consideration of the merits of the appeal, we now turn to address the three assignments of error raised by Ms. Donahue.
LAW AND DISCUSSION
In her first assignment of error, Ms. Donahue claims that Judge Amacker erred by directly re-allotting the case to Judge Devereux, and she further submits that Judge Devereux erred by refusing to order the random re-allotment of the case in accordance with La. C.C.P. art. 253.1.[3] In her related third assignment of error, Ms. Donahue claims that Judge Devereux erred by deeming herself to be a successor judge of Judge Amacker and by entering a final judgment based solely upon the evidence heard by Judge Amacker.
In this case, as explained above,.Judge Amacker recused herself from the case and ordered the matter be re-assigned to Judge Devereux after Mr. Ducote enrolled as counsel of record for Ms. Donahue. Judge Devereux thereafter signed the judgment that had been filed in accordance with Judge Amacker’s oral ruling on November 17, 2016. Notwithstanding the *254 foregoing, the Louisiana Supreme Court has determined that Judge Devereux was entitled to sign the judgment in her capacity as a successor judge pursuant to La. R.S. 13:4209. See Donahue, 206 So.3d at 858. Thus, in accordance with the decree of the Louisiana Supreme Court, we are bound 17to conclude that there can be no error as it concerns the re-allotment of the case by Division “L,” presided over by Judge Amacker, to Division “K,” presided over by Judge Devereux, following Judge Amacker’s voluntary recusal. Similarly, we are bound to conclude that there can be no error as it concerns Judge Devereux’s signing of the judgment rendered, but not signed, by Judge Amacker as per La. R.S. 13:4209. Ms. Donahue’s first and third assignments of error do not merit relief.
In her second assignment of error, Ms. Donahue claims that Judge Devereux erred as a matter of law and manifestly abused her discretion in denying Ms. Donahue’s December 23, 2015 motion for new trial. In support of this remaining assignment of error, Ms. Donahue maintains that Judge Devereux was not a successor judge under La. R.S. 13:4209 and could not render a judgment based upon the proceedings before Judge Amacker. Ms. Donahue notes that there were several bases for Judge Amacker’s recusal and claims that there were compelling reasons for Judge Devereux to reconsider the merits of the motions pertaining to child custody and the best interests of the child.
Generally speaking, a trial court should grant a motion for new trial when convinced by its examination of the facts that the judgment would result in a miscarriage of justice. See Krolick v. State ex rel. Dept. of Health & Human Resources, 99-2622 (La.App. 1 Cir. 9/22/00), 790 So.2d 21, 28, writ denied, 00-3491 (La. 2/9/01), 785 So.2d 829. The trial court has much discretion in determining whether to grant or deny a motion for new trial. Id. When the trial court’s decision is reviewed on appeal, the appellate court should determine whether the trial court abused its discretion in granting or denying the motion for new trial; the trial court’s decision to [ sgrant or deny the motion for new trial on discretionary grounds will not be reversed unless an abuse of discretion can be demonstrated. Id.
Herein, for the reasons explained more fully above, to the extent that-Ms. Donahue challenges the correctness of the trial court’s denial of her motion for new trial on procedural grounds, we are bound to conclude that Judge Devereux did not abuse her discretion in denying the motion for new trial. Furthermore, to the limited extent that Ms. Donahue challenges the correctness of the trial court’s ruling with respect to the best interests of the couple’s minor child through her second assignment of error, we have reviewed the record in its entirety and cannot say that the trial court erred in determining there had been a material change in circumstances concerning Ms. Donahue’s diminished ability to adequately care for the couple’s minor child. Thus, we cannot say that the trial court erred in denying Ms. Donahue’s motion for new trial or in granting sole custody of the couple’s minor child to Mr. Donahue. Ms. Donahue’s second assignment of error does not merit relief.
DECREE
For the foregoing reasons, we affirm the trial court’s judgment signed on February 12, 2016. All costs of this appeal are assessed to the appellant, Sarah Ann Donahue.
AFFIRMED.
Higginbotham, J., concurs.

. Louisiana Revised Statute 13:621,22(B) provides:
B. There are hereby created two additional district judgeships for the Twenty-Second Judicial District for the parishes of St. Tammany and Washington.
(1) The first additional judge provided for in this Subsection and his successors shall preside over. Division K, which is hereby created for purposes of nomination, election, and subject matter only. The subject matter jurisdiction of Division K is limited, under the provisions of-Article V, Section 15(A) of the Constitution of Louisiana, to family and juvenile matters as provided by law.
(2) The second additional judge provided for in this Subsection and his successors shall preside over Division L, which is hereby created for purposes of nomination, election, and subject matter only. The subject matter jurisdiction of Division L is limited, under the provisions of Article V, Section 15(A) of the Constitution of Louisiana, to family, and juvenile,matters as provided by law,
(3) For purposes of this Subsection, "family and juvenile matters” shall include all actions arising under Titles IV, V, and VII of Book I and Title VI of Book III of the Civil Code and related provisions of the Civil Code Ancillaries, all actions arising under the Children’s Code, adoptions arising under the Civil Code, actions involving protection from fámily violence pursuant to R.S. 46:2131 et seq., and actions for enforcement; collection of support, and paternity pursuant to R.S. 46:236.1.1 et seq,
. (4) For purposes of this Subsection "juvenile matters” shall include but not be limited to all actions arising under or incidental to the Children's Code.
(5) , For purposes of this Subsection, the subject matter jurisdiction shall also include all actions incidental to all matters listed in Paragraphs (3) and (4) of this Subsection, including but not limited to contempt, civil warrants, writs of habeas corpus, curatorship, change of name, prenuptial or separate property agreements, interspousal donations, lesions, and challenge to consent judgment.

. Louisiana Revised Statute 13:4209 states:
A. In all cases heard and taken under advisement of the district judge or judges of , the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or if his term expires before rendering his judgment in the case, his successor in. office shall decide the case from the evidence in the record, if all of the testimony is in writing. If it , is a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo.
*253 B. (1) In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.
(2) If a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.

. Louisiana Code of Civil Procedure art. 253.1 provides:'
All pleadings, filed shall bo randomly assigned to a particular section or division of the court by either of the following methods:
(1) By drawing indiscriminately from a pool containing designations of all sections or divisions of court in the particular jurisdiction in which the case is filed.
(2) By use of a properly programmed electronic device or computer programmed to randomly assign cases to any one of the sections or divisions .of court in the particular jurisdiction in which the case is filed.