VALLEY SECURITIES CO., INC., v. BRAZIER ET AL.

(February 16, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)

Connolly & Simoneaux, of New Orleans, attorneys for plaintiff, appellee.

H. J. Agregard, Theo. Cotonio, Jr., and Theo. Cotonio, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff, claiming to be the holder in due course and for value of four certain notes for the sum of $100 each, brings this suit against defendant, A. W. Brazier, as maker of the notes and against Arnaud's Drug Stores, Inc., A. Arnaud, B. P. Brennan and Arthur B. Leopold, as endorsers.

Judgment by default was rendered against the endorsers and no appeal has been taken from that judgment.

Defendant Brazier, the maker of the notes, resists payment, charging that there has been added to each of the notes be-

low his signature and in a blank space after the word "Due," a date purporting to show the maturity of each note, whereas he charges there were no such dates in the said blanks when the notes were executed.

Defendant Brazier also contends that the notes were given supposedly in payment of subscription to stock in a corporation to be organized and that under the laws of Louisiana notes may not be given for subscription to stock and that, therefore, no liability can be asserted against the maker. He further contends that no consideration was given for the said notes.

The addition of the dates purporting to show the respective maturities of the notes is of no importance because even if we accept defendant's view and treat those dates as not having been written, then the result is that since the notes show no date of maturity they were payable at once and while it would then result that they were taken by the present holder after maturity, nevertheless as we shall hereafter show, defendant, by his words and conduct, induced the present plaintiff to purchase the notes and thereby estopped himself to raise the defenses to which we have alluded.

The defense of failure of consideration is based on the charge made by defendant that he was never given the stock certificates in payment for which his notes were given. The evidence shows conclusively that Brazier agreed to purchase stock in the Arnaud's Drug Stores, Inc., and that he gave these notes in payment for the said stock and we are further convinced by the evidence that the stock certificates were executed and delivered to him. The concern went into receivership and the accountants who audited the books found a stock stub purporting to bear Brazier's receipt for the certificates and, although he testified that he never received them he has, himself, introduced in evidence an unsigned contract wherein the identical stock corresponding in certificate number with that which, it is claimed by the other parties, was delivered to him, was declared to be owned by him.

But the questions of whether he received consideration and whether the law of Louisiana permits a stockholder to pay with notes for the purchase of stock in a corporation, in process of organization, are of no importance in view of the fact that in our opinion defendant Brazier has absolutely estopped himself to raise these contentions because when the Arnaud's Drug Stores, Inc., undertook to negotiate these notes with Valley Securities Company, present plaintiff, Mr. McNeese, an official of the Valley Securities Company, required that the purported maker of the notes, Brazier, appear before him and admit his signature and Brazier complied with this request.

Mr. McNeese testified that that is all that Brazier did although Brazier says that he told McNeese that there was no consideration for the notes. It is impossible to believe that McNeese, representing the Valley Company, would have purchased the notes had he been told by the maker that no consideration was given therefor. Investment companies are not in the business of purchasing law suits and had McNeese known that Brazier contended that no consideration had been given for the notes surely he would not have allowed his company to purchase them.

On the other hand, if, as Brazier contends, he had received no consideration for the notes he was under obligation to so state to McNeese when the latter questioned him as to his signature. Knowing that the Valley Securities Company was contemplating purchasing the notes, he could not remain silent when questioned regarding them and thereafter be heard to deny that he had received consideration therefor.

Brazier, though stoutly maintaining that judgment should not have been rendered against him in favor of plaintiff, asks that if we affirm that judgment, we give him a judgment against the endorsers because of his contention that they gave him no consideration for the notes.

The question of whether he has properly appealed as to his so-called warrantors has not been raised by them and we will, therefore, treat the matter as though he has actually appealed from that part of the judgment as well as from that part rendered against him and in favor of plaintiff.

Giving his pleadings that interpretation which is most favorable to him and investigating the evidence with reference to his contention that he received no consideration, we are of the opinion that his contention is not borne out.

The reasons which we have given in our opinion show that he did receive the consideration which was expected by him. It is true that that consideration subsequently proved to be of little or no value but many persons who purchase stock in new concerns suffer the same experience.

The venture proved unprofitable, but a purchaser of stock, unless he can show fraudulent misrepresentation, cannot recover back his money from his associates merely because his venture has not come up to his expectations.

Since the defendants in warranty did not answer such appeal as has been taken and have not asked for an absolute dismissal of the so-called call in warranty, we can do nothing but let the judgment stand as rendered below.

The judgment appealed from is affirmed at the cost of appellant.