NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-246

TONIA BRIDGES FISHBACK

VERSUS

SABINE PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 57,295
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

Daniel G. Brenner
Christina S. Slay
Bolen, Parker & Brenner, Ltd.
P. O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
Counsel for Defendants/Appellees:
    Sabine Parish School Board
    Roy Lee Brown
    Coregis Insurance Company

**D. Wayne Bush**
**S. Christie Smith IV**
**The Smith Law Firm, LLP**
**P. O. Drawer 1528**
**Leesville, LA 71496-1528**
**(337) 239-2244**
**Counsel for Plaintiff/Appellant:**
     **Tonia Bridges Fishback**

**DECUIR, Judge.**

Tonia Bridges Fishback, individually, and on behalf of her minor son, filed suit against the Sabine Parish School Board, Roy Lee Brown, and Roger and Betty Sue Rains, the legal guardians of the minor child, T.J. Rains, for injuries sustained as a result of T.J.'s sexual misconduct while riding on a school bus driven by Brown. After a jury trial, the School Board and Mr. Brown were found to be free from fault and judgment was rendered in their favor. The Rains were voluntarily dismissed from the litigation prior to trial. The plaintiff appeals, and for the following reasons, we affirm.

Ms. Fishback's son, Austin, was a kindergarten student in the fall of 2003 when he began riding the school bus with his sister to Florein Elementary School. The bus was driven by Mr. Brown, a twenty-nine year veteran bus driver employed by the School Board. The evidence in the record shows that T.J., a fourteen-year-old special education student, was one of the first students on the bus in the mornings. He would sit in the front to talk with Mr. Brown; then at the next stop where Austin boarded the bus, he would move to Austin's seat and talk to him. A few hundred yards down the road, the bus made another stop, and T.J. would then move to his assigned seat.

Austin rode Mr. Brown's bus from August through December of 2003. His family then moved and he rode a different bus to school. In February or March of 2004, Austin told his mother that T.J. had put his hand down his pants while they were sitting together on the bus and touched his penis. The evidence shows that the molestation occurred at least two or three times. T.J. did not testify at trial, and there were no records documenting the ensuing investigation. However, school personnel testified that T.J. admitted the allegations against him, was suspended from Florein Elementary School, and transferred into a special program at a different school shortly thereafter.

In this appeal, Ms. Fishback raises three issues for this court's review. First, she contends the trial court erred in denying challenges for cause against four veniremen who could not be fair and impartial. Consequently, the plaintiff complains that she was forced to exhaust her allotted peremptory challenges prematurely. Ms. Fishback next contends the trial court erred in granting a directed verdict in favor of the defense on the question of whether the evidence was sufficient to support a finding of negligent supervision on the part of School Board employees other than the bus driver, Mr. Brown. Finally, Ms. Fishback argues that the verdict is contrary to the law and evidence.

## JURY SELECTION

The plaintiff contends the trial court erred in denying challenges for cause regarding the following members of the jury venire:

1. Joe Melton, whose wife is a court employee and was in the courtroom during voir dire;

2. Dianne Andries, who accused the plaintiff's counsel, and all attorneys, of wanting to "stack the jury" and was dissatisfied with the civil justice system;

3. Charles Arthur, who explained his friendship with both Mr. Brown and the school principal, a witness in the case; and

4. Kenny Bell, a friend of "everyone" involved in the case, plaintiff and defendants alike.

While some of the comments made by these prospective jurors were sufficient to raise questions as to their ability to be fair, the trial judge was satisfied, ultimately, that each one could serve with impartiality. We have reviewed the transcript of voir dire in detail and find no abuse of the trial court's great discretion in ruling on these

2

particular challenges for cause. The judge explained that he considered not only what the veniremen said but *how* they said it, and made his rulings accordingly.

DIRECTED VERDICT

At the conclusion of the plaintiff's case in chief, the School Board was granted a directed verdict dismissing the claim for negligent supervision by School Board employees other than the bus driver. The School Board argued that Ms. Fishback failed to present evidence sufficient to support a claim of negligence on the part of any employees other than the driver. Indeed, the School Board's position correctly states the burden of proof required of Ms. Fishback in this case: In order for liability to be imposed under a theory of negligent supervision, the plaintiff must prove that the risk of unreasonable injury was foreseeable, "constructively or actually known," and preventable. *Wallmuth v. Rapides Parish Sch. Bd.*, 01-1779, 01-1780, p. 8 (La. 4/3/02), 813 So.2d 341, 346. School board employees are obliged to provide reasonable supervision of students, not constant supervision.

The record before us shows that T.J. Rains was a special education student classified as mildly mentally disabled, although he was in the seventh grade and had passed the fourth grade LEAP test after summer school. In addition to his mental disability, the evidence shows that he has a hearing loss, has been diagnosed with ADHD, and comes from what was described at trial as a dysfunctional family. Nevertheless, T.J. had, at the time of the events giving rise to this lawsuit, an unremarkable disciplinary record. He had been disciplined for such transgressions as failing to finish writing lines assigned as punish work and failing to turn around and sit in his assigned seat on the bus. There was nothing in the evidence presented by the plaintiff which may have suggested that T.J. was the type of student who would commit the acts complained of herein. No evidence was offered to show that

3

the School Board had prior knowledge of any behavior or tendency on the part of T.J. to engage in inappropriate touching of a kindergarten student. In short, Ms. Fishback failed to meet her burden of proving the required element of foreseeability.

In *Hebert v. BellSouth Telecommunications, Inc.,* 01-223 (La.App. 3 Cir. 6/6/01), 787 So.2d 614, 617, this court reiterated the appropriate standard of review for a directed verdict. Quoting *Busby v. St. Paul Insurance Co.,* 95-2128, pp. 16-17 (La.App. 1 Cir. 5/10/96), 673 So.2d 320, 331, *writ denied,* 96-1519 (La. 9/20/96), 679 So.2d 443, [citations omitted.] this court held: "On appeal, the standard of review for directed verdicts is whether, viewing the evidence submitted, the appellate court concludes that reasonable people could not reach a contrary verdict. Furthermore, the propriety of a directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claims." *Id.* at 617.

After considering the evidence in the record before us, we conclude the trial court appropriately granted a directed verdict in the defendant's favor.

MANIFEST ERROR

The question before the jury at the close of the evidence was whether the bus driver, Mr. Brown, was negligent in his supervision of T.J. and Austin. The bus driver's duty to supervise students on his bus is similar to that of other school board employees. Reasonable and competent supervision is required, yet it need not be constant and may be adjusted based on the age of the children and the attendant circumstances. *Doe ex. rel. Doe v. Desoto Parish Sch. Bd.,* 39,779 (La.App. 2 Cir. 6/29/05), 907 So.2d 275, *writ denied*, 05-2020 (La. 2/10/06), 924 So.2d 167. The bus driver is further burdened with the duties of driving the bus safely.

In the instant case, Austin sat in the seat closest to Mr. Brown. While T.J. sat with Austin at the beginning of the morning ride, within two minutes of Austin's

arrival, T.J. would proceed to his own seat. The evidence indicates that the actions of T.J. occurred in the early morning hours when it was still dark outside and few other children were on the bus. Mr. Brown talked to T.J. daily and considered him to be a child who needed to talk to someone; yet there is no evidence suggesting that Mr. Brown could have foreseen T.J.'s actions with regard to Austin. Austin himself gave no indication to Mr. Brown that something was wrong.

Considering this evidence, we find no manifest error in the factual conclusion that Mr. Brown did not breach the duty of reasonable supervision required of him.

<u>DECREE</u>

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff, Tonia Bridges Fishback.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.