NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-854

STATE OF LOUISIANA

VERSUS

CLEVANCE CORMIER, JR

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2015-1751
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Candyce G. Perret, Judges.

AFFIRMED.

Peggy J. Sullivan
Louisiana Appellate Project
P. O. Box 2806
Monroe, LA 71207
(318) 855-6038
COUNSEL FOR DEFENDANT-APPELLANT:
    Clevance Cormier, Jr

Herbert Todd Nesom
District Attorney, Thirty-Third Judicial District Court
John Richardson
Assistant District Attorney, Thirty-Third Judicial District Court
Joe Green
Assistant District Attorney, Thirty-Third Judicial District Court
P. O. Box 839
Oberlin, LA 70655
(337) 639-2641
COUNSEL FOR APPELLEE:
    State of Louisiana

**PERRET, Judge.**

Defendant was convicted on seven different counts for his sexual involvement with a young boy while the boy was between the ages of thirteen and fifteen. At the time, Defendant was in his late fifties, early sixties. Defendant alleges two assignments of error—one as to the sufficiency of the evidence submitted to prove counts one and three; and one as to the excessiveness of the sentences imposed on all counts. For the reasons that follow, we affirm Defendant's convictions and sentences.

**ISSUES FOR REVIEW:**

1. Whether the evidence at trial was sufficient to prove beyond a reasonable doubt that Defendant committed sexual battery or indecent behavior with a juvenile when the child was under the age of thirteen; and

2. Whether the sentence imposed in this case was unconstitutionally harsh and excessive.

**FACTUAL/PROCEDURAL BACKGROUND:**

The victim, C.M., lived with his grandmother, Armelinda Trejo, after his mother passed away in 2007, and because his father was not a part of his life. C.M. and his grandmother moved to the Wingfield apartments in May 2010. Defendant, Clevance "Junior" Cormier, lived in the Wingfield apartments, first in apartment number three, and then in the apartment across from Ms. Trejo and C.M. Defendant befriended C.M. after a garage sale. Defendant started by coming over and sitting on Ms. Trejo's porch quite frequently. C.M. began going over to Defendant's apartment when he was under the age of thirteen and spent the night at Defendant's apartment on several occasions. The first time C.M. spent the night at Defendant's apartment, Defendant showed C.M. porn, then pulled down C.M.'s pants and started to stroke his private area. C.M. testified that while he was still

twelve, Defendant touched his private part on at least four occasions. At age thirteen, C.M. stated the Defendant started sucking C.M.'s private part and began asking C.M. to take his clothes off then massaging him. At age fourteen, Defendant continued stroking and sucking C.M.'s private part, watching porn, and eventually had intercourse by C.M. penetrating Defendant. C.M. testified the abuse continued even after C.M. and his grandmother moved, and Defendant moved into a trailer, eventually resulting in intercourse by C.M. penetrating Defendant on at least three occasions and having C.M. suck Defendant's penis.

C.M. was friends with Defendant's nephew, Chris Cormier. C.M. reported the events to Chris Cormier one day in March of 2015. Chris Cormier told C.M. he needed to report the events to his grandmother and to the police. Consequently, C.M., his grandmother, and Chris Cormier went to the Kinder Police Department and made statements to Detectives Shannon Fontenot and Rocky Fontenot. The conversation between C.M. and his grandmother while they waited for the detectives was also recorded.

At trial, Ms. Trejo, Chris Cormier, David Duplechain (who conducted an interview of C.M. at the Children's Advocacy Center, "CAC"), Lieutenant Shannon Fontenot, Detective Rocky Fontenot, and C.M. testified. The jury also saw photographs taken of C.M. by Defendant, watched the video of the CAC interview of C.M., heard the recording from the police station, and heard the police interview of Defendant. The jury found Defendant guilty on all counts.

The trial court sentenced Defendant as follows, the sentences to run concurrently with one another: Count One, Sexual battery of a victim under thirteen—fifty (50) years hard labor, without the benefit of probation, parole, or suspension of sentence; Count Two, Oral Sexual Battery—five (5) years hard

2

labor, without the benefit of probation, parole, or suspension of sentence; Count Three, Indecent behavior with a juvenile victim under thirteen—twenty (20) years hard labor, without the benefit of probation, parole, or suspension of sentence; Count Four, Felony carnal knowledge of a juvenile—five (5) years hard labor; Count Five, Sexual battery of a juvenile—five (5) years hard labor, without the benefit of probation, parole, or suspension of sentence; Count Six, Obstruction of justice—ten (10) years hard labor; and Count Seven, Pornography involving a juvenile—fifteen (15) years hard labor, without the benefit of probation, parole, or suspension of sentence. Defendant now appeals.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are routinely reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent that require correction.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Defendant asserts the evidence was insufficient for two offenses for which he was convicted—sexual battery of a juvenile under the age of thirteen, and indecent behavior with a juvenile under the age of thirteen. As to both counts, he challenges the sufficiency of the State's evidence that the victim was under the age of thirteen when the offenses were committed.

In reviewing a sufficiency of the evidence claim, the relevant question to consider on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Ellis*, 14-1511, p. 2 (La. 10/14/15), 179 So.3d 586, 588, *cert denied*, __ U.S. __, 136 S.Ct. 1462 (2016) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789

3

(1979)). "Thus, other than ensuring the sufficiency evaluation standard of *Jackson*, 'the appellate court should not second-guess the credibility determination of the trier of fact,' but rather, it should defer to the rational credibility and evidentiary determinations of the jury." *State v. Lapoint*, 16-187, p. 4 (La.App. 3 Cir. 9/28/16), 202 So.3d 593, 597, *writ denied*, 16-2087 (La. 9/22/17), 227 So.3d 824 (quoting *State v. Ryan*, 07-504, p. 2 (La.App. 3 Cir. 11/7/07), 969 So.2d 1268, 1270). Additionally, a victim's testimony alone can be sufficient to support a verdict in the absence of internal contradiction or irreconcilable conflict with the physical evidence. *State v. Dorsey*, 10-216 (La. 9/7/11), 74 So.3d 603, *cert. denied*, 566 U.S. 930, 132 S.Ct. 1859 (2012).

Sexual battery under La.R.S. 14:43.1 does not require the victim be under the age of thirteen, however, when the victim is under thirteen, the sentence is enhanced.[1] Therefore, the jury is required to find that the victim was under the age of thirteen at the time of the crime. *State v. Gibson*, 09-486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, *writ denied*, 10-802 (La. 11/5/10), 50 So.3d 814.

---

[1] In 2011-2012, Louisiana Revised Statutes 14:43.1 stated:

> A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, when any of the following occur:
> (1) The offender acts without the consent of the victim.
> (2) The act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender.
> . . . .
> [C.] (2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age of older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

C.M. told the CAC interviewer he was twelve when the touching began, and that Defendant touched his penis more than four times when he was twelve. At trial, C.M. testified he has been trying to forget the events and could not remember his age, however he also testified that everything in his CAC interview was true. C.M. was seventeen at the time of trial. Additionally, C.M.'s grandmother testified they moved to the Wingfield apartment in May when C.M. was eleven. The grandmother testified C.M. began going over to Defendant's apartment when he was twelve. During the recording of the police interview introduced into evidence at trial, C.M.'s grandmother told Detective Fontenot that she believed the abuse started when the victim was twelve, going on thirteen.

C.M.'s testimony does not contradict itself even if at trial he could not remember his age when Defendant started touching him. Additionally, his testimony is supported by his CAC interview and by his grandmother's testimony. No evidence that was presented is irreconcilable with C.M.'s statement that he was twelve when Defendant touched him at least four times. Consequently, this court finds the evidence supports the jury's finding that the Defendant committed sexual battery of a juvenile under the age of thirteen as defined in La.R.S. 14:43.1.

Next, we must determine whether there was sufficient evidence to convict Defendant of indecent behavior with a juvenile. Indecent behavior with a juvenile under La.R.S. 14:81(A)(1) and (H)(2) also provide for an enhanced sentence when the victim is under the age of thirteen.[2] C.M. told the CAC interviewer that he was

_____

[2] Louisiana Revised Statutes 14:81 provides:

A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than

5

twelve when Defendant showed him pornography. He explained that Defendant noticed C.M. was getting excited while watching a show with an actress he liked. Defendant offered C.M. pornography to watch and while he did, Defendant pulled down C.M.'s pants and began stroking his penis as C.M. watched the video. As previously discussed, C.M. testified at trial that everything in his CAC interview was true.

Although the State relies on the showing of pornography to the victim to prove this offense, jurisprudence suggests that the showing of pornography alone may not satisfy the elements of this crime. *See State v. Gaspard*, 02-1040 (La.App. 3 Cir. 3/5/03), 841 So.2d 1021. For example, this court in *Gaspard*, 841 So.2d at 1024 stated:

> The only acts the State relies on in proving the crime charged consisted of Defendant's showing movies and printed materials to V.G. Nothing in the record indicates Defendant touched, or tried to touch, the boy or himself. There is no suggestion of nudity or physical exposure of any kind by either of them.

The *Gaspard* court therefore concluded the evidence did not satisfy the elements of La.R.S. 14:81 and vacated the defendant's conviction.

Although not specifically raised by Defendant, we will briefly address why the evidence at trial is sufficient to support this conviction. The jurisprudence does support a conviction when there is physical touching of the child in combination with showing the child pornography. For example, in *State v. Lande*, 06-24, (La.App. 5 Cir. 6/28/06), 934 So.2d 280, *writ denied*, 06-1894 (La. 4/20/07), 954

---

two years between the two persons. Lack of knowledge of the child's age shall not be a defense;

. . . .

[H.] (2) Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

So.2d 154, the fifth circuit concluded the evidence was sufficient when Lande showed the victim sexually explicit movies immediately prior to making her rub his private part. The court in *Lande* explained:

> "A lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner." In *State v. Interiano,* [03-1760 (La. 2/13/04), 868 So.2d 9,] the Louisiana Supreme Court reaffirmed this definition of "lewd and lascivious" for purposes of LSA–R.S. 14:81(A). The supreme court further noted the Reporter's Comments to LSA–R.S. 14:81(A) and stated lewd and lascivious "encompasses not only the physical touching of the victim in an indecent manner, but also 'indecent sexual displays in the presence of children under the age of seventeen.' " " The supreme court stated that it is not necessarily the act in and of itself that has to be lewd and lascivious. It explained that the statute gives notice "that a person knowingly engaged in *any* overt sexual activity performed in the physical proximity of a child enters a zone of danger in which he runs the risk that a trier of fact may later find that activity criminal in nature."
>
> . . . .
>
> Lande showed C.M. sexually explicit shows immediately prior to making her "rub his private part until white stuff came out." Lande claims C.M.'s description of what she saw on television was not sufficient to establish lewd or lascivious pornographic material. To the contrary, the description of "naked people having sex" effectively conveys material that sufficiently qualifies as an indecent sexual display which tends to deprave the morals in respect to sexual relations. The fact that defendant showed this type of material to a young child prior to physical touching clearly demonstrates wanton conduct.

*Id*. at 291-92 (footnotes omitted). *See also*, *State v. Ellis*, 38,740 (La.App. 2 Cir. 8/18/04), 880 So.2d 214 (finding that showing the victim the R-rate movie "Showgirls" and then taking the victim's hand and rubbing it up and down on his private part was sufficient evidence to support a conviction for indecent behavior with a juvenile).

In this case, the victim told the CAC interviewer that Defendant stroked his penis while the victim watched pornography. Such an act would constitute a lewd

7

and lascivious act as defined by the jurisprudence discussed above. Consequently, this court finds the evidence was sufficient to prove the present Defendant committed indecent behavior with a juvenile as defined in La.R.S. 14:81(A)(1).

Considering all the evidence presented to the jury, we find the evidence supports the jury's finding that the Defendant committed both Count 1, sexual battery of a juvenile under the age of thirteen, and Count 3, indecent behavior with a juvenile under the age of thirteen. This assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Defendant was sentenced to serve concurrent sentences amounting to a total of fifty years of hard labor without the benefit of parole, probation, or suspension of sentence, which he asserts is essentially a life sentence at his age, for which the trial court failed to consider any personal details relating to Defendant and failed to consider the Presentence Investigation report ("PSI").

However, Defendant's counsel asserted only a general objection to the sentences at trial, stating "Judge, I just respectfully object to the ruling." No oral or written motion to reconsider the sentence was made. Ordinarily, this failure precludes Defendant from raising this issue on appeal. *See* La.Code Crim.P. art. 881.1(E). However, this court in the past has chosen to review claims of excessiveness despite no objection being made and no motion to reconsider sentence being filed. *State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; and *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352.

8

Accordingly, in the interest of justice we will review Defendant's claim. "When a defendant fails to assert specific grounds for excessiveness, he is then limited on appeal to a review of a bare claim of excessiveness." *State v. Clark*, 06-508, p. 3 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, 801, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

In *State v. Morain*, 08-1546, pp. 2-4 (La.App. 3 Cir. 6/3/09), 11 So.3d 733, 735-36, *writ denied*, 09-1670 (La. 4/30/10), 34 So.3d 282, this court set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied,* 01-0838 (La.2/1/02), 808 So.2d 331 (alteration in original).
>
> In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held that:
>
> > [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith,* 99-0606 (La.7/6/00),

766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste,* 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La.5/30/03), 845 So.2d 1061.

In *State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied,* 06-2826 (La.8/31/07), 962 So.2d 424, we discussed the factors that a reviewing court should consider in determining if a trial court abused its discretion in imposing a sentence. In *Whatley,* citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183, we annunciated three factors that a reviewing court should take into consideration in abuse of discretion cases: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts.

At the sentencing hearing, the trial court heard a statement by the victim and the victim's grandmother. The trial court also listened to Defendant's statement, which revealed no remorse. In fact, Defendant only blames C.M. for lying, and stated C.M. is going to "get paid back." Defendant also blames the court for his situation. Defendant laughed when the court stated he victimized C.M and made him suffer. When stopped and asked if he had anything to say regarding sentencing, Defendant stated, "No."

On appeal, Defendant addresses some of the individual sentences imposed and argues that each are excessive considering the facts of the case. He also argues that a fifty-year sentence, the total sentence imposed, without benefit of probation, parole, or suspension of sentence, is a life sentence for a sixty-four-year-old.

10

Defendant argues the trial court only considered one part of the equation, failing to discuss any personal details related to him, and failing to discuss the PSI.

In opposition, the State argues:

> Addressing the first factor [of an excessiveness review], the nature of the appellant's crime was horrific and worthy of the sentence he received. For two years the appellant manipulated a child into a sexual relationship, engaging in sexual acts with him time and time again during that period. The sexual acts came in various forms and worsened over time. It is unknowable the trauma that C.A.M. endured during that terrible time and what suffering he will endure with those memories for the rest of his life.

> For the second factor, this Court must consider the nature and background of the offender. The nature of the appellant was laid bare at his sentencing hearing. The appellant showed no remorse at sentencing, going so far as to state that C.A.M. would be paid back for what he had done. (Sentencing T. at pp. 6-7). The appellant also stated: "If I have to bring him to court next time he ain't going to be no little petting him to make sure he's okay. They going to get some shit out of him." *Id.* The appellant's tirade against the victim, who was present in court, only ended when the sentencing judge threatened to have the appellant's mouth duct-taped shut. (Sentencing T. at p. 9). The sentencing judge aptly described the appellant's nature when he stated, "You act like you're the victim here but let me tell you something. You're a reprehensible, sick, sordid, filthy, despicable man." (Sentencing T. at p. 8).

For a comparison of sentences imposed in similar cases, the State notes *State v. Marshall*, 16-777 (La.App. 1 Cir. 10/31/16) (unpublished opinion). Marshall was convicted of sexual battery of a victim under the age of thirteen and aggravated incest. For sexual battery, Marshall was sentenced to forty-five years at hard labor without benefit of parole, probation, or suspension of sentence, and for aggravated incest to ten years at hard labor. *Id.* The sentences were ordered to run consecutively, for a total sentence of fifty-five years. Like Defendant in the present case, Marshall argued that the sentence was essentially a life sentence considering his age of sixty. *Id.* Additionally, Marshall argued the trial court did not know anything about him and that the record lacked information as to his

11

criminal history. *Id.* The first circuit upheld the sentences, finding the record contained an adequate factual basis for the sentence imposed:

> The record clearly established an adequate factual basis for the sentences imposed. The defendant lived together for several years with J.M. and her mother, and ostensibly took on the roles of guardian and caretaker. The defendant used this parental relationship to exploit J.M.'s trust and sexually abuse her. See State v. Kirsch, 2002–0993 (La. App. 1st Cir. 12/20/02), 836 So.2d 390, 395–96, writ denied, 2003–0238 (La. 9/5/03), 852 So.2d 1024.
>
> Considering the trial court's review of the circumstances and the nature of the crimes, we find no abuse of discretion by the trial judge. Accordingly, the sentences imposed by the trial judge are not grossly disproportionate to the severity of the offenses and, therefore, are not unconstitutionally excessive. The trial judge did not err in denying the motion to reconsider sentence(s).

*Id.* at p. 3.

Noting that a trial court may consider factors not listed in La.Code Crim. P. art. 894.1, the State asserts the present trial court considered Defendant's likelihood of reoffending, Defendant's refusal to accept responsibility, the two victim impact statements, and the likely permanent damage caused to the victim. Considering these factors, the State argues the sentences imposed were not excessive.

According to the PSI, Defendant is a first felony offender. Although the trial court did not specifically reference the PSI, the trial court did state that it had been filed into the record. The trial court listened to the victim impact statements as well as the statement made by Defendant himself at sentencing. The trial court also presided over Defendant's jury trial. At trial, the judge watched the CAC interview, in which C.M. explained how he would get mad at Defendant, and would be uncomfortable, but was afraid because Defendant was smart and sneaky. In imposing sentence, the trial court specifically noted the reprehensible character

12

of Defendant, the inapplicability of a suspended sentence, and the likelihood of Defendant reoffending if released from prison. The trial court then sentenced Defendant to a total sentence of fifty years at hard labor, without benefit of probation, parole, or suspension of sentence. Considering the maximum sentences for each of Defendant's convictions, Defendant could have been sentenced to consecutive sentences totaling 194 years.

In the current case, the facts indicate Defendant sexually abused the victim from the time he was twelve years old until he was fifteen years of age. Considering the nature of the crime, the possible sentence that could have been imposed, and the restriction of this review to a bare excessiveness review, we conclude that the trial court did not abuse its discretion in imposing the sentences in the present case. Additionally, we note the supreme court's repeated admonition "that sentence review under the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case." *State v. Savoy*, 11–1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283 (citing *State v. Walker*, 00–3200 (La. 10/12/01), 799 So.2d 461); *State v. Cook*, 95–2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996); and *State v. Humphrey*, 445 So.2d 1155 (La.1984)). Therefore, this assignment of error lacks merit. Defendant's sentences are affirmed.

**CONCLUSION:**

For the foregoing reasons, we affirm Defendant's convictions and sentences.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

13