NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1344

JERRY KATHLEEN BALLARD AND JAMES R. BALLARD

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND
LESLIE R. VINCENT A/K/A LESLIE VINCENT DAIGLE

*Judgment Rendered:* OCT 2 9 2024

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2018-13848, Division E

The Honorable William H. Burris, Judge Presiding

* * * * * * * *

Carter B. Wright
Covington, Louisiana
and
Robert G. Miller, Jr.
Metairie, Louisiana

Counsel for Plaintiffs/Appellants
Jerry Kathleen Ballard and
James R. Ballard


Thomas G. Buck
Metairie, Louisiana

Counsel for Defendant/Appellee
State Farm Fire and Casualty
Company

* * * * * * * *

BEFORE: McCLENDON, THERIOT, AND GREENE, JJ.

McClendon, J. Concurs And Assigns Reasons.

**THERIOT, J.**

This matter is before this Court on appeal by the plaintiffs, Jerry Kathleen Ballard and James R. Ballard, from a judgment in a suit for damages arising from a car accident. For the reasons set forth herein, we maintain the appeal in part, dismiss the appeal in part, and reverse.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2018, Jerry Kathleen Ballard was injured when the parked car in which she was sitting was struck by a 2016 Toyota RAV 4 driven by Leslie Vincent Daigle. The Toyota RAV 4 was co-owned by Leslie and her mother, Kathryn Vincent, and was insured under a policy of insurance issued by State Farm Mutual Automobile Insurance Company ("State Farm Mutual") to Leslie's parents, Kathryn and Jon Russ Vincent.

On August 8, 2018, Jerry and her husband, James, filed a petition for damages against Leslie and State Farm Mutual. The Ballards later filed a First Supplemental and Amending Petition, in which they added State Farm Fire and Casualty Company ("State Farm Fire") as a defendant, alleging that Leslie and the Toyota RAV 4 were covered under an umbrella insurance policy issued by State Farm Fire.

The Ballards entered into a *Gasquet* settlement[1] with State Farm Mutual, and on November 5, 2018, the trial court dismissed the Ballards' claims against Leslie and State Farm Mutual with prejudice, "with plaintiffs reserving all rights to proceed against all other defendants, named and unnamed, subject to the Restricted *Gasquet* General Release and Indemnity Agreement, and with Leslie . . . remaining in the matter as a nominal defendant only."

---

[1] As part of a *Gasquet* settlement, plaintiffs can expressly reserve their right to a direct action against a non-settling excess insurer for damages exceeding the settling primary insurer's policy limits. See *Gasquet v. Commercial Union Insurance Co.*, 391 So.2d 466, 471-72 (La.App. 4 Cir. 1980), *writs denied*, 396 So.2d 921 & 922 (La. 1981).

2

On November 20, 2018, State Farm Fire filed a motion for summary judgment, seeking dismissal of the Ballards' claims against it on the grounds that Leslie was not an insured under the State Farm Fire policy on the date of the accident. State Farm Fire pointed out that pursuant to the terms of the State Farm Fire policy issued to Leslie's father, Jon Russ Vincent, in order to qualify as an insured, a person must be either the named insured shown on the declarations page, the spouse of the named insured shown on the declarations page, or a relative of the named insured/spouse whose primary residence is the named insured's household, and at the time of the accident, Leslie had moved out of her parents' home in Sulphur and lived with her husband in Slidell. The Ballards opposed the motion for summary judgment. Following a hearing, the trial court concluded that Leslie was not an insured under the terms of the State Farm Fire policy and granted State Farm Fire's motion for summary judgment. Thereafter, the trial court signed a judgment dated July 16, 2019 that granted State Farm Fire's motion for summary judgment and dismissed the Ballards' claims against State Farm Fire as the alleged insurer of Leslie. The Ballards sought supervisory review of the trial court's granting of State Farm Fire's motion for summary judgment, but this Court denied the writ. *Ballard v. State Farm Mutual Automobile Insurance Co.*, 2019-1210, p. 1 (La.App. 1 Cir. 1/6/20), 2020WL59792, *1 (unpublished writ action).

The Ballards filed a Second Supplemental and Amending Petition, in which they added Leslie's parents, Jon Russ and Kathryn Vincent, as defendants. The Ballards' claims against the Vincents stemmed from their entrustment of the Toyota RAV 4 to Leslie. The Second Supplemental and Amending Petition also asserted new claims against State Farm Fire, i.e., that State Farm Fire is contractually obligated to provide coverage for the accident because Leslie and the Toyota RAV 4 were included in the total number of underlying exposures used to

3

calculate the policy premium and that the State Farm Fire policy provides coverage for the Vincents' entrustment of the vehicle to Leslie.

On November 24, 2020, Leslie, Kathryn, Jon Russ, and State Farm Mutual filed a motion for summary judgment seeking dismissal of the Ballards' remaining claims against them. The motion urged that Leslie[2] should be dismissed from the litigation altogether because: (1) pursuant to the terms of the *Gasquet* settlement and the November 5, 2018 order of dismissal, Leslie remains in the suit only as a nominal defendant and only to the extent that she is insured by State Farm Fire or any other insurer (other than State Farm Mutual); (2) the trial court has ruled (in relation to State Farm Fire's motion for summary judgment) that Leslie is not insured under the State Farm Fire policy;[3] and (3) Leslie has no other available insurance which would provide coverage for the accident. The Ballards opposed the motion, arguing that Leslie should not be dismissed from the suit because the State Farm Fire policy provides coverage for Leslie and the Toyota RAV 4.

On December 10, 2020, State Farm Fire filed its own motion for summary judgment, as well as exceptions of prescription and res judicata, seeking dismissal of the claims asserted against it by the Ballards in their Second Supplemental and Amending Petition. Additionally, on March 19, 2021, the Ballards filed a motion to amend the trial court's July 16, 2019 judgment dismissing certain claims against State Farm Fire.

A hearing was held on May 5, 2021 on the November 29, 2020 motion for summary judgment filed by Leslie, Kathryn, Jon Russ, and State Farm Mutual; the December 10, 2020 motion for summary judgment and exceptions filed by State

---

[2] Only Leslie's dismissal from the suit is before us in this appeal.

[3] Despite the movers' assertion that the trial court has already ruled on the coverage issue, the July 16, 2019 trial court judgment dismissing the Ballards' claims against State Farm Fire as Leslie's insurer is an interlocutory ruling, and accordingly, may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties and is not dispositive of the coverage issue before us in this appeal. See La. C.C.P. art. 1915; see also *Quality Environmental Processes, Inc. v. Energy Development Corp.*, 2016-0171, pp. 7-8 (La.App. 1 Cir. 4/12/17), 218 So.3d 1045, 1054.

Farm Fire; and the Ballards' March 19, 2021 motion to amend the July 16, 2019 judgment granting State Farm Fire's first motion for summary judgment. More than two years after the hearing, a written judgment on these matters was signed by the trial court. The May 31, 2023 trial court judgment granted in part and denied in part the motion for summary judgment filed by Leslie, Kathryn, Jon Russ, and State Farm Mutual; denied the exceptions filed by State Farm Fire; and granted in part and denied in part the motion for summary judgment filed by State Farm Fire.[4] Pertinent to this appeal, the May 31, 2023 trial court judgment granted summary judgment dismissing all claims against Leslie with prejudice. The May 31, 2023 judgment also granted summary judgment dismissing all claims against State Farm Fire and the Vincents except "claims of 'entrustment,' other than negligent entrustment, leaving the sole remaining claims against [State Farm Fire and the Vincents] being any claims of 'entrustment,' other than negligent entrustment, on the part of Kathryn Vincent and Jon Russ Vincent."

The Ballards appealed the May 31, 2023 judgment, raising the following two assignments of error:

1. The District Court committed legal error when it granted [State Farm Fire's] Motion for Summary Judgment dismissing all claims against [State Farm Fire], except claims of entrustment, because there are reasonable interpretations of . . . [State Farm Fire's] umbrella policy under which coverage could be afforded.

2. The District Court committed legal error when it granted [State Farm Mutual, Leslie, John Russ, and Kathryn's] Motion for Summary Judgment dismissing all claims against Leslie Vincent Daigle because there are reasonable interpretations of the [State Farm Fire] umbrella policy under which coverage could be afforded.

This Court, *ex proprio motu*, issued a rule to show cause why the appeal should not be dismissed, noting that the May 31, 2023 judgment on appeal in this

---

[4] Although the trial court orally granted the Ballards' motion to amend the July 16, 2019 judgment during the hearing and stated that it would incorporate the amended rulings from the July 16, 2019 judgment into the judgment on the other issues before the court at the hearing, the May 31, 2023 judgment does not mention either the motion to amend or the July 16, 2019 judgment.

matter appears to be a partial judgment, but lacks the designation of finality required by La. C.C.P. art. 1915(B) for purposes of an immediate appeal. Accordingly, the parties were ordered to show cause by briefs why the appeal should not be dismissed. The matter was also remanded to the trial court for the limited purposes of allowing the trial court to: advise in writing whether the May 31, 2023 judgment warrants or needs a La. C.C.P. art. 1915(B) designation; sign a judgment with a La. C.C.P. art. 1915(B) designation; and, in the event the trial court supplies a La. C.C.P. art. 1915(B) designation, provide a per curiam to this Court in which the trial court gives explicit reasons for its determination that there is no just reason for delay.

In response to this Court's order, the trial court signed an amended judgment on March 27, 2024. The amended judgment is almost identical to the May 31, 2023 judgment, except that the amended judgment includes a statement that the dismissal of all claims against Leslie with prejudice is a "final judgment as to Leslie." The March 27, 2024 amended judgment contains no designation of finality regarding the dismissal of some (but not all) of the Ballards' claims against State Farm Fire. The trial court also issued a per curiam, stating "the judgment of May 31, 2023, as it pertains to the Motion for Summary Judgment dismissing all of plaintiffs' claims against Leslie Vincent is a final partial judgment [and] [t]he court finds no just reason for delay under the *Messinger* factors." The Rule to Show Cause was referred to the panel hearing the merits of the appeal.

## DISCUSSION

*Appellate Jurisdiction*

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Quality Environmental Processes, Inc. v. Energy Development Corp.*, 2016-0171, p. 5 (La.App. 1 Cir. 4/12/17), 218 So.3d 1045, 1052-53. The Louisiana Code of Civil Procedure

defines three types of judgments: an interlocutory judgment, which determines a preliminary matter in the course of an action, but does not determine the merits (La. C.C.P. art. 1841); a final judgment, which determines the merits of the case in whole or in part (La. C.C.P. art. 1841); and a partial final judgment, which disposes of some, but not all, of the issues on the merits, and in some instances requires a designation of finality by the trial court for the purpose of an immediate appeal (La. C.C.P. art. 1915). Different rules govern the appealability of these three types of judgments. See La. C.C.P. arts. 2083(A), 2083(C), and 1915(B).

As an appellate court, we are obligated to recognize any lack of jurisdiction if it exists. *Quality Environmental Processes, Inc.*, 2016-0171 at p. 6, 218 So.3d at 1053. Our appellate jurisdiction extends to "final judgments," which are those that determine the merits of the case in whole or in part. La. C.C.P. arts. 1841 and 2083; *O'Bannon v. Moriah Techs., Inc.*, 2017-0728, p. 6 (La.App. 1 Cir. 3/29/18), 248 So.3d 392, 398-99. However, a judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by La. C.C.P. art. 1915. *Quality Environmental Processes, Inc.*, 2016-0171 at p. 6, 218 So.3d at 1053.

Louisiana Code of Civil Procedure article 1915(A) designates certain categories of partial judgments as final judgments subject to immediate appeal without the necessity of any designation of finality by the trial court. On the other hand, La. C.C.P. art. 1915(B) provides that when a court renders a partial judgment or partial summary judgment or sustains an exception in part, it *may* designate the judgment as final when there is no just reason for delay. *Quality Environmental Processes, Inc.*, 2016-0171 at p. 6, 218 So.3d at 1053. Louisiana Code of Civil Procedure article 1915 provides:

    A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief

prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Accordingly, pursuant to La. C.C.P. art. 1915(A)(1), a judgment that dismisses a party from a suit without adjudicating all of the issues in the case (such as the dismissal of all remaining claims against Leslie) is a partial final judgment subject to immediate appeal without the need of the trial court's certification as such. *Liberty Mutual Fire Insurance Co. v. Harris*, 2022-0429, p. 4 n.3 (La.App. 1 Cir. 11/4/22), 355 So.3d 628, 632 n.3, *writ denied*, 2022-01747 (La. 2/7/23), 354 So.3d 671. Although the trial court provided a La. C.C.P. art. 1915(B) designation

of finality "as to Leslie" in its March 27, 2024 amended judgment, the dismissal of Leslie from the suit was immediately appealable under La. C.C.P. art. 1915(A)(1) and did not require the trial court's certification in order to be appealable. Accordingly, the Ballards' appeal of the summary judgment dismissing Leslie from the litigation is maintained.

The portion of the March 27, 2024 amended judgment that granted State Farm Fire's motion for summary judgment in part does not fall within any of the categories identified in La. C.C.P. art. 1915(A) for purposes of immediate appeal. Thus, because that portion of the judgment is not final for purposes of an immediate appeal under the provisions of La. C.C.P. art 1915(A), this court's jurisdiction to consider an appeal of the partial grant of summary judgment in favor of State Farm Fire depends upon whether that portion of the judgment was properly designated as final pursuant to La. C.C.P. art. 1915(B)(1). See La. C.C.P. arts. 1911(B) and 2083.

Louisiana Code of Civil Procedure article 1915(B)(1) authorizes the appeal of a partial summary judgment as to "one or more but less than all of the claims, demands, issues, or theories" presented where the judgment is designated as a final judgment by the trial court after a determination that there is no just reason for delay. Absent a designation of finality under La. C.C.P. art. 1915(B)(1), a partial summary judgment is not a final appealable judgment and may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. La. C.C.P. art. 1915(B)(2); *Quality Environmental Processes, Inc.*, 2016-0171 at pp. 7-8, 218 So.3d at 1054.

On limited remand for the explicit purpose of "[i]nviting the trial court to advise this court in writing whether the judgment at issue warrants or needs a La. C.C.P. art. 1915(B) designation" and "to sign a judgment with a La. C.C.P. art. 1915(B) designation," the trial court issued an amended judgment and per curium

that did not designate the portion of the judgment dismissing some (but not all) of the Ballards' claims against State Farm Fire as final and appealable. Accordingly, those portions of the judgment remain interlocutory and this Court does not have appellate jurisdiction to consider them. See *Simon v. Ferguson*, 2018-0826, p. 3 (La.App. 1 Cir. 2/28/19), 274 So.3d 10, 13. The Ballards' appeal of the March 27, 2024 amended judgment granting State Farm Fire's motion for summary judgment in part is dismissed.

*Summary Judgment*

Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.[5] The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Troncoso v. Point Carr Homeowners Association*, 2022-0530, p. 16 (La.App. 1 Cir. 1/10/23), 360 So.3d 901, 913.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact.

---

[5] Summary judgment procedure is governed by La. C.C.P. art. 966. Louisiana Code of Civil Procedure article 966 was recently amended by 2023 La. Acts. Nos. 317, § 1, and 368, § 1, effective August 1, 2023. This court has determined that the 2023 amendments to La. C.C.P. art. 966, which expanded the exclusive list of documents that are considered competent evidence in support of or in opposition to a motion for summary judgment and changed the duties of parties in supporting and opposing motions for summary judgment, are substantive and therefore cannot be applied retroactively. See *Hawkins v. Hi Nabor Supermarket, LLC*, 2023-0978, p. 3 (La.App. 1 Cir. 2/23/24), 387 So.3d 605, 607; see also La. C.C. art. 6 ("In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."). Accordingly, we will apply the version of La. C.C.P. art. 966 in effect at the time of the May 5, 2021 hearing to the matter before us. See *Hawkins*, 2023-0978 at p. 4, 387 So.3d at 607.

*Troncoso*, 2022-0530 at p. 16, 360 So.3d at 914. A genuine issue is one as to which reasonable persons could disagree. However, if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.* A fact is "material" when its existence or nonexistence is essential to the plaintiffs cause of action under the applicable theory of recovery. Any doubt as to a dispute regarding an issue of material fact must be resolved against granting the motion and in favor of a trial on the merits. *Id.* Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Troncoso*, 2022-0530 at p. 17, 360 So.3d at 914.

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* The mover on a motion for summary judgment can meet its burden of proof on the motion by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. La. C.C.P. art. 966(A)(4). The court may only consider those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be properly resolved within the framework of a motion for summary judgment. *Chet Morrison Contractors, L.L.C. v. Spartan Directional, LLC*, 2023-0981, p. 11 (La.App. 1 Cir. 6/14/24), 391 So.3d 1103, 1111. An insurance policy is a contract between the parties and should be construed using the general rules of contractual interpretation. *Id.* Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written. See La. C.C. art. 2046; *Sensebe v. Canal Indemnity Co.*, 2010-0703, p. 7 (La. 1/28/11), 58 So.3d 441, 446.

When determining whether a policy affords coverage for an incident, the insured bears the burden of proving that the incident falls within the policy's terms. *Intelligent Mortgage & Consulting Services LLC v. Arbor Lending Group, L.L.C.*, 2022-1252, pp. 6-7 (La.App. 1 Cir. 8/1/23), 371 So.3d 554, 559, *writ denied*, 2023-01210 (La. 11/15/23), 373 So.3d 80. An insurance policy, including its exclusions, should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *Savoie v. Anco Insulations, Inc.*, 2020-0584, p. 4 (La.App. 1 Cir. 4/9/21), 322 So.3d 1264, 1267.

Subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. *Chet Morrison Contractors, L.L.C.*, 2023-0981 at p. 12, 391 So.3d at 1112. A summary judgment declaring a lack of coverage under an insurance policy may be rendered when there is no reasonable interpretation of the policy, when applied to the undisputed facts shown

by the evidence supporting the motion, under which coverage could be afforded. *Id.*

The State Farm Fire policy, which was filed in support of the motion for summary judgment, provides the following regarding coverage for personal liability:

COVERAGE L – PERSONAL LIABILITY

If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**. The most **we** will pay for such **loss** is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of **insureds** who may be liable, claims made, or persons injured.

Thus, according to the provisions of the State Farm Fire policy, in order for State Farm Fire to provide coverage for claims made or suit brought against Leslie, Leslie must be an "insured." The State Farm Fire policy provides a definition of "insured" that is applicable throughout the policy, which includes, in pertinent part:

6. **"insured"** means:

a. **you** and **your relatives** whose primary residence is **your** household;

"[Y]ou" and "your" is defined in the policy as:

**"you"** and **"your"** mean the person or persons shown as "Named insured" on the declarations page. If a named insured shown on the declarations page is a human being then you and your includes the spouse of the first person listed as a named insured if the spouse resides primarily with the named insured.

Accordingly, the determination of whether Leslie is an insured covered under the State Farm Fire policy is dependent upon the identity of the named insured(s) shown on the declarations page. Although the State Farm Fire policy was filed in support of the motion for summary judgment, the declarations page listing the named insured(s) was not included with the policy. Without the declarations page, an issue of fact necessarily remains for trial as to whether Leslie was an "insured"

under the State Farm Fire policy on the date of the accident, and the trial court erred in granting summary judgment dismissing all remaining claims against Leslie.

## CONCLUSION

For the reasons set forth herein, the appeal of the March 27, 2024 amended judgment granting summary judgment dismissing all claims against Leslie Vincent Daigle is maintained, and the amended judgment is reversed to the extent that it grants summary judgment dismissing all remaining claims against Leslie Vincent Daigle. In all other respects, the appeal of the March 27, 2024 amended judgment is dismissed. The parties are to bear their own appeal costs.

**APPEAL MAINTAINED IN PART AND JUDGMENT REVERSED; APPEAL DISMISSED IN PART.**



# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2023 CA 1344

### JERRY KATHLEEN BALLARD AND JAMES R. BALLARD

### VERSUS

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND LESLIE R. VINCENT A/K/A LESLIE VINCENT DAIGLE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurring.**

The defendants, Leslie R. Vincent, Kathryn Vincent, John Russ Vincent, and State Farm Mutual Automobile Insurance Company, offered several exhibits in support of their motion for summary judgment, including the depositions of Kathryn Vincent and John Russ Vincent.[1] Attached to each deposition was a copy of the personal liability umbrella policy issued by State Farm Fire and Casualty Company and the renewal certificate regarding said policy. However, no declarations page was attached to the depositions or offered in support of the motion for summary judgment.

Admittedly, the renewal certificate contains all the information normally required of a declarations page, including the policy number, the term of the policy, the policy coverages and limits, and the underlying exposures. However, it fails to identify any named insured. More specifically, the renewal certificate has "AT1" directly above John Russ Vincent's name, but the words "named insured" or "insured" do not appear on said certificate. Furthermore, State Farm Fire did not offer an affidavit or deposition to explain how the certificate identifies John Russ Vincent as the named insured. Without more, a material issue of fact exists as to the identity of the named insured or insureds under the State Farm Fire policy. Therefore, I respectfully concur in the result reached by the majority.

---

[1] In light of the **Gasquet** settlement, the above defendants appeared for the limited purpose of their motion for summary judgment.